```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/15/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                 :
STRIKE 3 HOLDINGS, LLC,                   :
                                                 :
                                   Plaintiff,   :          1:24-cv-00641-GHW
                                                 :
                           -v-                     :                    ORDER
                                                 :
JOHN DOE subscriber assigned IP address    :
74.71.172.12,                                  :
                                                :
                                   Defendant.  :
                                                :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

    Under Federal Rule of Civil Procedure 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," with an exception for when such early discovery is authorized by court order. In determining whether to authorize early discovery in this case, the Court applies a "flexible standard of reasonableness and good cause, applying particularly careful scrutiny since plaintiff not only seeks expedition, but also moves on an *ex parte* basis." *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005); *see also Pearson Educ., Inc. v. Doe*, No. 12-cv-4786 (BSJ) (KNF), 2012 WL 4832816, at *3 (S.D.N.Y. Oct. 1, 2012) (collecting cases); Local Civil Rule 6.1(d) (*Ex parte* submissions will not be granted "except upon a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary.").

    The Court notes that Plaintiff's argument is tailored to the test outlined in *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004), which was approved by the Second Circuit for determining whether to grant a motion to quash a subpoena in order to preserve the objecting party's anonymity. *Arista Records LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). That issue is not before the Court and this order should not be construed as a ruling on the merits of any potential

motion to quash that may be filed pursuant to the schedule set forth below. However, because the Court finds that Plaintiff has met the reasonableness and good cause standard for early discovery, even under the heightened scrutiny required of an *ex parte* submission, Plaintiff's motion for leave to serve a third-party subpoena prior to a Rule 26(f) Conference is GRANTED. Dkt. No. 10.

The Court ORDERS the following:

(1) Plaintiff may serve a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure on Spectrum to obtain the name and address of the subscriber identified by IP address 74.71.172.12. Plaintiff's counsel is directed to attach a copy of this order to the subpoena.

(2) Within seven (7) days of service of a subpoena, Spectrum shall reasonably attempt to identify the subscriber and provide him or her with a copy of the subpoena and this order. If Spectrum is unable to determine, to a reasonable degree of technical certainty, the identity of the subscriber identified by IP address 74.71.172.12, it shall so notify Plaintiff's counsel.

(3) Spectrum shall have twenty-one (21) days from the service date of the subpoena to move to quash or otherwise object to the subpoena. The identified subscriber shall have fourteen (14) days from receipt of the subpoena from Spectrum to move to quash or otherwise object to the subpoena.

(4) Absent any motion to quash or other objection, Spectrum shall produce the information sought to the plaintiff within twenty-one (21) days after notifying the subscriber pursuant to paragraph (2) above.

(5) Plaintiff may only use the information disclosed pursuant to the subpoena for the purpose of protecting and enforcing Plaintiff's rights as set forth in the complaint.

The Court ORDERS that the information not be disclosed to any person other than

Plaintiff and Plaintiff's counsel without further leave of the Court.

    SO ORDERED.

Dated: February 15, 2024
       New York, New York

_____
GREGORY H. WOODS
United States District Judge